FREDERICK LORING WHEELER, trustee, *vs.* WILLIAM
COOLEDGE CHASE & others.

Suffolk.    November 23, 1932. — February 20, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Devise and Legacy.*

A testator in a will made in 1877, after providing for the use of his
homestead by his widow and for an income for her and for an income
for certain ones of his children during their lives, in an eighth article
provided in substance that, if there were children of such children
living at the death of the survivor of them, then "I give, bequeath and
devise seven eighths of all the rest, residue and remainder of my prop-
erty . . . to my grandchildren . . . living at the decease of the longest
survivor of my said . . . children, in equal shares or proportions,
share and share alike, and to the heirs of grandchildren or grandchild
forever." At the time of the death of the survivor of the testator's
said children in 1931, there were living two grandchildren, and a great-
grandchild, child of a grandchild who had died. Upon a petition in
the Probate Court by the trustee under the will for instructions, it
was *held*, that

(1) The entire will disclosed that the dominant intention of the
testator was to provide for all his lineal descendants who could be
provided for without violation of the rule against perpetuities;

(2) The provisions of the eighth article did not limit the gifts of
remainders to the grandchildren of the testator who were living at
the death of the survivor of his designated children, but included
children, if any there might be, of grandchildren who died before such
survivor;

(3) The great grandchild was entitled to share in the distribution
occurring upon the death of the survivor of the named children.

PETITION, filed in the Probate Court for the county of
Suffolk on October 1, 1931, by the trustee under the will of
Lemuel A. Cooledge, late of Boston, for instructions.

Albert B. Carey was appointed guardian *ad litem* for
William C. Chase, junior, and Leon F. Sargent "guardian
for the case" for Edgar M. Reed, junior, and "next friend
of all persons not ascertained, or not in being, who are or
may become interested in said estate."

The will bore date February 3, 1877. In its first five articles the testator provided for the payments of debts and funeral expenses; for proper support and maintenance during his life of his eldest son Lemuel A. Cooledge, junior; for the use of his homestead by his wife and for an income to her; for annuities to a brother and to the brother's wife, to a sister, to a cousin, and to certain nephews and nieces. The sixth article gave certain powers to the executors. In the seventh article, the testator gave the net income of his entire estate, after the preceding provisions had been satisfied, to four children, Lucy Jane Wheeler, Martha J. Chase, William C. Cooledge and Matilda G. Cooledge, in equal proportions, share and share alike, during their lives and the life of the survivor of them. The eighth, ninth, tenth, eleventh and twelfth articles read as follows:

"Eighth, In case my last mentioned children or either of them hereafter marry and have children or child, the fruit of such subsequent marriage or marriages living at the decease of the longest survivor of my said last mentioned children, or in case said Martha J. has children or child the fruit of her present marriage living as aforesaid I give, bequeath and devise seven eighths of all the rest, residue and remainder of my property and estate of every Kind and description, real, personal and mixed, wherever situate, to my grandchildren — except as may be hereinafter provided — living at the decease of the longest survivor of my said four last mentioned children, in equal shares or proportions, share and share alike, and to the heirs of grandchildren or grandchild the fruit of present or subsequent marriages as aforesaid, forever; and in case my present grandchild Frederick L. Wheeler is living at the time of the happening of the event mentioned in this article, upon which my grandchildren are to take under the provisions hereof, so that said Frederick takes equally with any grandchild or grandchildren the fruit of said present or subsequent marriage or marriages. (as it is my will he shall if living at the time) said Frederick shall have and hold his share so taken under the provisions hereof to

his own use during his natural life and the remainder thereof in fee shall go to his children or child living at his, said Fredericks, decease, and to the heirs of said last mentioned child or children forever, and in case said Frederick (having taken under the provisions of this article) shall die leaving no child at his decease, said Frederick's share, so taken, shall go at his decease to any grandchildren or grandchild, the fruit of said present or subsequent marriage or marriages of my said last mentioned children, and to the heirs of said last mentioned grandchildren or grandchild forever, and in case my present grandchildren William or Mary Chase, children of said Martha J. or if other grandchildren, the fruit of present or subsequent marriages as aforesaid, shall be living at my decease or within twenty-one years thereafter, and at the happening of the event mentioned in the case of said Frederick, shall take under this article as provided in the case of said Frederick, as it is my will, they shall, and if any such grandchild or grandchildren shall die leaving no child or children, it is my will that such share or shares so taken shall go at their decease as is last provided in the case of said Frederick L. Wheeler.

"Ninth. Upon the happening of the event of seven eighths of my estate being divided equally among my grandchildren as mentioned in the last preceding article of this will, I then give, bequeath and devise the other remaining eighth of all my estate as aforesaid, to my native town of Hillsborough aforesaid, to be by said town used, managed, Kept, sold or invested for the benefit of said town in such manner as the town may decide at any annual town meeting.

"Tenth. Should all my said last mentioned children die leaving no children or child surviving them, or none save said Frederick L. Wheeler, or but one other child, the fruit of said present or subsequent marriage or marriages, said Frederick then not living, so that said seven eights of my estate would go to one grandchild. I give and bequeath to my native town of Hillsborough aforesaid, the sum of twelve thousand dollars, to be by said town used

and applied for the benefit of said town in such manner as the legal voters thereof may decide at any annual town meeting.

"Eleventh. Should my said grandson Frederick L. Wheeler be living at the time of the happening of the event upon which the bequest last above made depends, or should there be but one grandchild so living, I give, bequeath and devise to him the said Frederick, or to said one grandchild so living, all the rest, residue and remainder of my property and estate of every kind and description, real personal and mixed wherever situate, to have and to hold the same to his, or said grandchilds own use during his, or said grandchilds, natural life with remainder in fee to his or said grandchilds, children or child living at the time of his, or said grandchilds, decease, and upon failure of said Frederick, or said grandchild, to leave child at his, or said grandchilds decease, said rest, residue and remainder to my next of collateral Kin of equal degree living at the time of said Frederick's, or said grandchilds decease, in equal proportions, share and share alike, and to their heirs forever.

"Twelfth. Should all my said last mentioned children die and leave no child surviving them and the longest survivor of them, I give, bequeath and devise said rest, residue and remainder to my next of collateral Kin of equal degree, living at the death of the longest survivor of my said last mentioned children, in equal proportions share and share alike, and to their heirs forever."

In the Probate Court, the petition was heard by *Poland*, J., upon an agreed statement of facts. Material facts are stated in the opinion. By order of the judge, a final decree was entered, the entire fifth paragraph of which read as follows:

"5. That the town of Hillsboro, New Hampshire, is entitled to one eighth of the rest, residue and remainder of the estate. That seven eighths of the said residue and remainder of the estate shall be divided into three equal parts. That Frederick Loring Wheeler, a grandchild of the testator, is entitled to a life estate in one third of seven

eighths of the rest, residue and remainder of the estate, and William Cooledge Chase, a grandchild of the testator, a life estate in one third of seven eighths of the rest, residue and remainder of the estate. That Edgar M. Reed, Jr., a great-grandchild of the testator, is entitled to a fee in one third of seven eighths of the said rest, residue and remainder of the estate."

The guardian *ad litem* for William C. Chase, junior, appealed only from that fifth paragraph.

*M. G. Bolster,* stated the case.

*A. B. Carey,* for guardian *ad litem* for William C. Chase, junior.

*L. F. Sargent,* for guardian *ad litem* for Edgar M. Reed, junior.

PIERCE, J.   This is an appeal from a decree of the Probate Court for the county of Suffolk upon a petition for instructions, filed by Frederick Loring Wheeler, trustee under the will of Lemuel A. Cooledge. The issue on this appeal is confined to paragraph numbered 5 in said decree which involves a judicial construction of art. Eighth of the will. The case was heard on an "Agreed Statement of Facts," which discloses that the testator died August 21, 1891, survived by a widow "and five children, to wit: — William C. Cooledge, Lemuel A. Cooledge, Jr., Matilda G. Cooledge, Martha J. Chase, and Lucy J. Wheeler." The widow died in 1894. William C. Cooledge died in February, 1895, unmarried and without issue surviving him. Lemuel A. Cooledge, junior, died September 11, 1909, unmarried and without issue surviving him. Matilda G. Cooledge died September 12, 1931, unmarried and without issue surviving her. Martha J. Chase died October 28, 1910, leaving as her only issue surviving her, two children, William Cooledge Chase, one of the respondents, and Mary Chase Reed. Mary Chase Reed died in April, 1931, leaving her husband Edgar M. Reed, and as her only surviving issue, Edgar M. Reed, junior, one of the respondents who is represented by his guardian *ad litem* in this proceeding. Lucy J. Wheeler died in July, 1913, leaving as her only surviving issue Frederick Loring Wheeler, one of the respondents. At the

death of Matilda G. Cooledge, last surviving child of the testator, on September 12, 1931, there were two grand-children of the testator living, Frederick Loring Wheeler and William Cooledge Chase. Frederick Loring Wheeler has no living children or grandchildren. William Cooledge Chase has four children living, three of whom are of full age, the minor child being William C. Chase, junior, repre-sented by his guardian *ad litem*, the appellant, in this pro-ceeding. The annuitants named in the fourth and fifth articles of the will are all deceased except Addie Wiggin, called Addie E. Wiggin in the petition for instructions. Said Addie E. Wiggin is one of the respondents.

The appellant alleges that he is aggrieved by paragraph numbered 5 of the decree of the Probate Court which de-cides "That Frederick Loring Wheeler, a grandchild of the testator, is entitled to a life estate in one third of seven eighths of the rest, residue and remainder of the estate, and William Cooledge Chase, a grandchild of the testator, a life estate in one third of seven eighths of the rest, residue and remainder of the estate. That Edgar M. Reed, junior, a great-grandchild of the testator, is entitled to a fee in one third of seven eighths of the said rest, residue and remainder of the estate," and contends that paragraph 5 of the decree of the Probate Court is in error for the reason that, upon a correct construction of article eighth of the will, Frederick Loring Wheeler is entitled to a life estate in one half of seven eighths of the rest, residue and remainder of the estate and William Cooledge Chase is entitled to a life estate in one half of seven eighths of the rest, residue and remainder of the estate, with contingent remainders in fee over in each case.

After making in the seventh article of the will provision for all his children during their lives, except for Lemuel A. Cooledge, junior, who was provided for during his life by the second article of the will, the testator provided in art. Eighth of the will for the disposition of seven eighths of the rest, residue and remainder of his property among his grand-children and great-grandchildren as follows: "In case my last mentioned children or either of them hereafter marry

and have children or child, the fruit of such subsequent marriage or marriages living at the decease of the longest survivor of my said last mentioned children, or in case said Martha J. has children or child the fruit of her present marriage living as aforesaid I give, bequeath and devise seven eighths of all the rest, residue and remainder of my property and estate of every Kind and description, real, personal and mixed, wherever situate, to my grandchildren — except as may be hereinafter provided — living at the decease of the longest survivor of my said four last mentioned children, in equal shares or proportions, share and share alike, and to the heirs of grandchildren or grandchild the fruit of present or subsequent marriages as aforesaid, forever."

The respondent Edgar M. Reed, junior, whose mother Mary Chase Reed, predeceased the survivor of the testator's children, contends that the phrase "and to the heirs of grandchildren or grandchild the fruit of present or subsequent marriages as aforesaid, forever," in the eighth paragraph of the will, manifests when read in the light of the entire will the intention of the testator that seven eighths of the residue of his property was to be given for life in equal shares to his grandchildren living at the decease of his last surviving child with contingent remainder in fee to their children and to the children or issue of any deceased grandchildren or grandchild equally. In support of this position he contends that the quoted words are to be construed as words of purchase and not of limitation, that the word "children" or "child" used in the first part of art. Eighth and in subsequent articles, particularly art. Twelfth, should be interpreted as meaning "issue" and this includes the lineal descendants of the testator; that is, that the testator when he used the word "children" or "child" in the several articles of the will intended that the children or issue of a deceased grandchild should take as a designated legatee or devisee as the case might be.

The appellant, William C. Chase, junior, contends that the dominant intention of the testator manifested by the language used was to make a contingent gift for life to such of his grandchildren as should survive the longest liver of

four of his named children; that the contingent gift to the grandchild surviving the specified event was a gift of life estate with contingent remainders in fee to the surviving children or child of the members of said class; that the word "children" or "child" as used by the testator throughout the will cannot by any proper rule of construction be interpreted to include great-grandchildren or great-grandchild, and be given its ordinary meaning; and makes the further contention that the phrase "heirs of grandchildren or grandchild the fruit of present or subsequent marriages as aforesaid" cannot be construed otherwise than as a gift of a contingent remainder in fee to the great-grandchildren or great-grandchild of the testator who survives grandchildren or grandchild entitled to share in the contingent life estates.

The appellant concedes that the right of Edgar M. Reed, junior, to a contingent remainder in fee must stand or fall upon the interpretation given to the clause, "and to the heirs of grandchildren or grandchild the fruit of present or subsequent marriages as aforesaid, forever," or upon the construction applied to the word "children" or "child" appearing in the first part of art. Eighth or in subsequent articles of the will. All interested parties concede that the testator intended to make contingent gifts for life to such of his grandchildren as should be living at the decease of the longest survivor of his four named children, with contingent remainders in fee over to the children of the grandchild whose parents survived the longest liver of the children of the testator. The sole issue is whether a child of a grandchild who predeceased the longest survivor of the four children of the testator is entitled to share equally in the distribution occurring at the death of such survivor with the children of the grandchild who did survive the longest survivor of the four children of the testator.

The appellee contends that the dominant purpose of the testator as shown by the entire will was to make provisions for all his lineal heirs, and that this intention embraced the child or children of grandchild or of grandchildren who had predeceased the last surviving child of

the testator.   The entire will discloses that the dominant intention of the testator was to provide for all his lineal descendants who could be provided for without violation of the rule against perpetuities.   Art. Eighth of the will should not be construed to show a less broad intention unless its provisions unmistakably require such result.   We think the provisions of article eighth do not limit the gifts of contingent remainders to the children of the grandchildren who were living at the death of the longest survivor of the four children of the testator, but included children, if any there might be, of grandchildren who predeceased the survivor under the words of purchase and not of limitation, which read: "and to the heirs of grandchildren or grandchild the fruit of present or subsequent marriages as aforesaid."

The conclusion is that the decree of the Probate Court should be affirmed.

*Decree accordingly.*